(No. 15352.—Cause transferred.)
S. MURRAY CLARK, Public Admr., Appellant, *vs.* MERRILL MAIN, Appellee.

*Opinion filed June 20, 1923.*

APPEALS AND ERRORS—*public administrator cannot take direct appeal in suit for wrongful death.* A party suing as public administrator in an action for wrongful death is not entitled to a direct appeal to·the Supreme Court from a judgment for the defendant for costs, where no constitutional or other question is involved to give the Supreme Court jurisdiction and where the issue upon which the judgment was rendered involves only a construction of section 44 of the Administration act as to what public administrator is entitled to bring the suit.

APPEAL from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding.

ISAAC A. LOVE, and REUBEN B. KILGORE, for appellant.

JONES & LEVIN, guardians *ad litem,* for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

May 16, 1921, Everett Smith, while riding in an automobile in possession of and driven by Merrill Main, was killed, as alleged, by recklessness of Main. May 15, 1922, an action was brought in the name of S. Murray Clark, public administrator for Vermilion county, against Main to recover damages. To the declaration defendant filed three pleas. The first was the general issue, the third the Statute of Limitations. The second plea alleged Clark, as public administrator, was appointed September 21, 1921, administrator of the estate of Smith; that in October, 1921, Clark resigned his office of public administrator and Louis J. Bremer was appointed to said position, gave bond, qualified, and has been acting as public administrator ever since. Plaintiff replied he ought not to be barred of his action

because he was not at the time of beginning the suit public administrator. The replication alleged that when Clark was, on September 21, 1921, appointed administrator of Smith's estate he was public administrator; that he had never been discharged as such administrator of Smith's estate by the probate court and that Bremer had never been appointed administrator of Smith's estate by the probate court. Defendant demurred to the replication. The court sustained the demurrer, and plaintiff declining to plead further, the court rendered judgment for defendant for costs. Plaintiff has prosecuted this appeal direct to this court.

September 21, 1921, while Clark was public administrator, he was appointed on his bond as such administrator, by the probate court, administrator of the estate of Smith and letters were issued to him. In October, 1921, he resigned his office as public administrator and Bremer was appointed to succeed him and qualified and is public administrator. The suit was not commenced until May, 1922, six months after Clark had resigned and been succeeded by Bremer. The question presented for decision is whether the suit was properly begun by Clark as public administrator. He contends that having been appointed administrator of Smith's estate while he was public administrator, he had the right, and it was his duty, after he retired from the office of public administrator, to complete the administration of estates begun by him while he held that office. A decision of the question depends upon a construction of section 44 of chapter 3 of Hurd's Statutes, concerning the appointment and duties of public administrators. No constitutional question or other question is involved which gives this court jurisdiction of the appeal.

The cause is transferred to the Appellate Court for the Third District.       *Cause transferred.*